JOHN W. HUBER, United States Attorney (#7226)
ERIN S. MELLEN, Special Assistant United States Attorney (VA #70319)
RUTH HACKFORD-PEER, Assistant United States Attorney (#15049)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 525-5682
(801) 524-4475 fax

FILED
DISTRICT COURT
FEB 13  A 11: 38
DISTRICT OF UTAH
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | INDICTMENT |
|---|---|
| Plaintiff, | Violations: |
| v. | 18 U.S.C. § 371 – Conspiracy to Defraud the United States |
| SERGIO SOSA, DAVID SOSA, ALISSA SOSA, | 26 U.S.C. § 7201 – Tax Evasion |
| Defendants. | 26 U.S.C. § 7212(a) – Obstruct the Administration of Internal Revenue Laws |

Case: 2:20-cr-00073
Assigned To : Sam, David
Assign. Date : 2/12/2020
Description:

The Grand Jury charges:

**INTRODUCTORY ALLEGATIONS**

At all times relevant to the Indictment:

1. Defendant SERGIO SOSA ("Sergio Sosa") was a resident of Utah County, in the District of Utah, where he owned and operated Sergio Central Latino ("SCL"), a tax return preparation business that he incorporated in the State of Utah on or about June 16, 2003.

2. Defendant DAVID SOSA ("David Sosa"), son of Sergio Sosa, was a resident of Utah County in the District of Utah, and was employed by SCL.

3. Defendant ALISSA SOSA ("Alissa Sosa"), daughter of Sergio Sosa, was a resident of Utah County in the District of Utah, and was employed by SCL.

4. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering and enforcing the tax laws of the United States and collecting the taxes owed to the Treasury of the United States.

5. Individuals were required to file an individual income tax return with the IRS reporting all income during each calendar year and to pay any taxes due to the IRS, by April 15, of the following year.

6. Sergio Sosa did not timely file individual income tax returns, nor pay individual income taxes due, for the tax years 2003 through 2017.

7. The IRS conducted multiple audits of Sergio Sosa related to those tax years. As a result of the audits, the IRS assessed Sergio Sosa more than $750,000 in income taxes as follow:

   a. Between 2009 and 2011, IRS audited tax years 2003, 2004, 2005, 2006 and 2008. As a result of the audit, the IRS assessed $337,413, which was stipulated to by Sosa in U.S. Tax Court in 2015.

   b. In August 2014, the IRS assessed $317,766 for the tax years 2007, 2009, 2010, 2011, 2012, and 2013, based on individual income tax returns Sergio Sosa provided during an audit.

   c. The IRS assessed $53,061 for the tax years 2014, 2015, 2016 and 2017 based on returns Sergio Sosa filed after they were due.

8. Sergio Sosa falsely listed his income and assets to the IRS in an Offer in Compromise, Form 656, which is a document signed under penalties of perjury and submitted to the IRS, to request the IRS consider accepting a payment for less than the full amount that the taxpayer owes.

9. Sergio Sosa caused his son David Sosa to apply to the IRS to be an Electronic Return Originator so he could electronically file tax returns for the clients of SCL. Sergio Sosa caused his son David Sosa to apply to the IRS for an Electronic Filing Identification Number ("EFIN") for SCL. The IRS requires an EFIN for a firm to electronically file income tax returns.

10. On or about February 15, 2013 the IRS canceled David Sosa's EFIN.

11. On or about November 1, 2013, the Department of Justice Tax Division filed a Complaint seeking a permanent injunction against SCL and Sergio Sosa to enjoin them from filing tax returns for others.

12. Sergio Sosa used nominees, including his son David Sosa, his daughter Alissa Sosa, and others including, C.S., J.S. and A.G., to conceal his ownership interest in certain assets from the IRS

13. As of March 11, 2019, Sergio Sosa owed the IRS more than $1.1 million dollars in federal income taxes, penalties, and interest for tax years 2003 through 2017.

COUNT 1

18 U.S.C. § 371

(Conspiracy to Defraud the United States)

The Grand Jury further charges:

14. The Introductory Allegations of paragraphs 1 through 13 are incorporated by reference and re-alleged as though fully set forth herein.

3

15. From in or about July 2004, and continuing up to the date of this Indictment, in the District of Utah and elsewhere, Defendants

SERGIO SOSA, DAVID SOSA, and ALISSA SOSA,

together and with each other and with others known and unknown, did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate and agree to defraud the United States by deceitful and dishonest means for the purpose of impeding, impairing, obstructing, and defeating the lawful functions of the IRS in the ascertainment, computation, assessment, and collection of the revenue, that is individual income taxes, and penalties, and there was interdependence among members of the conspiracy.

### Object of the Conspiracy

16. The object of the conspiracy was to unlawfully and knowingly combine, conspire, confederate and agree to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service, an agency of the United States, in the ascertainment, computation, assessment and collection of revenue, that is, federal individual income taxes.

### Manner and Means of the Conspiracy

17. Among the manner and means by which Defendants SERGIO SOSA, DAVID SOSA, and ALISSA SOSA and their unindicted co-conspirators, known and unknown to the grand jury, would and did carry out the objectives of the conspiracy were the following:

    a. Concealing Sergio Sosa's assets and income from the IRS, including the use of nominees.

    b. Making false statements to the IRS.

   c. Removing money from bank accounts to hide the funds from the IRS.

### Overt Acts

18. In furtherance of the conspiracy and to effect the illegal objects thereof, Defendants SERGIO SOSA, DAVID SOSA, ALISSA SOSA, committed the following overt acts, among others, in the District of Utah and elsewhere:

   a. Concealed Sergio Sosa's income and assets from the IRS, including the use of nominees. To wit:

      i. Sergio Sosa caused his son David Sosa to open a bank account in the name of SCL for Sergio Sosa's use.

      ii. On or about July 7, 2004, Sergio Sosa caused his daughter, Alissa Sosa, to act as his nominee to purchase his personal residence and thereby to hide his ownership of his personal residence at 607 N 1230 E, Orem, Utah, ("the 607 Residence").

      iii. In or about January 2014, Alissa Sosa began making mortgage payments on the 607 Residence with checks drawn from her personal bank account that were funded by money she received from SCL or Sergio Sosa.

      iv. Sergio Sosa caused Alissa Sosa, David Sosa and C.S. to act as his nominees to hide his ownership in real property. On or about August 27, 2013, Alissa Sosa, David Sosa, and C.S. purchased 1209 West Lexington Street, Washington Utah, ("the Washington property"). The funds to purchase this property were provided by Sergio Sosa, using funds from his business, SCL.

      v. In or about February 2013, Sergio and David Sosa caused SCL to use a third party's EFIN to file individual income tax returns for clients of SCL.

vi. In or about December 2013, David Sosa caused employee A.G. to apply for an EFIN for SCL and to falsely identify herself as the owner of SCL.

vii. On or about December 12, 2013, David and Sergio Sosa caused C.S. and J.S. to file articles of incorporation for Centro Latino South ("CLS"). C.S. and J.S. were falsely listed as owners or officers of CLS.

viii. In or about January 2014, David and Sergio Sosa caused C.S. and J.S. to open business bank accounts for CLS for David and Sergio Sosa to use and control.

ix. On or about March 5, 2014, Sergio Sosa used C.S. as a nominee on documents related to the purchase of a residence at 619 N 1230 E, Orem, Utah ("the 619 Residence").

x. On June 29, 2017, David Sosa signed and filed a false 2013 U.S. Return of Partnership Income (Form 1065), in the name of CLS, which fraudulently listed the owners of CLS as C.S., Alissa Sosa, and David Sosa instead of Sergio Sosa the true owner of CLS.

b. Made false statements to the IRS. To wit:

i. On or about January 11, 2017, Sergio Sosa filed a false Offer in Compromise with the IRS in which he claimed that he could not fully pay the income taxes, penalties, and interest owed for tax years 2003 through 2017. Sergio Sosa falsely omitted assets including, among other things, his properties and business; he falsely stated he was an employee of SCL, when he was actually the owner; and he submitted a false and forged document with his Offer in Compromise.

6

ii. On or about June 18, 2018, Sergio Sosa filed a second false Offer in Compromise with the IRS in which he claimed that he could not fully pay the incomes taxes, penalties and interest owed for tax years 2003 through 2017. Sergio Sosa falsely omitted assets including, among other things, his properties and business; and he submitted a false and forged rental agreement for the 607 Residence in which he falsely claimed he paid his daughter Alissa Sosa rent, when in fact he was the true owner of the property.

iii. On or about the dates set forth below, Sergio Sosa filed or caused to be filed false individual income tax returns for Alissa Sosa fraudulently claiming mortgage interest and property tax deductions for the 607 Residence, which was the residence of Sergio Sosa.

| Tax Year | Filing Date | Preparer |
|---|---|---|
| 2013 | 5/3/16 | Sergio Sosa/SCL |
| 2014 | 4/10/17 | Sergio Sosa/SCL |
| 2015 | 4/18/17 | Sergio Sosa/SCL |
| 2016 | 2/12/18 | Sergio Sosa/SCL |
| 2017 | 10/15/18 | M.L./SCL |

iv. On or about December 17, 2018, Alissa Sosa made several false statements to an IRS special agent as follows:

1. Alissa Sosa falsely claimed that she owned the 607 Residence during tax years 2013-2017.

7

  2. Alissa Sosa falsely claimed that she paid the mortgage and utility payments with her own money and did not receive funds from Sergio Sosa to make such payments.

  3. Alissa Sosa falsely stated that she purchased the Washington property and made all of the mortgage and utility payments with her own money and did not receive funds from Sergio Sosa to make such payments.

c. Removed funds from bank accounts to hide the funds from the IRS. To wit: on or about April 25, 2016, Alissa Sosa caused to be withdrawn $37,000 from her account #110000 at Security Service Federal Credit Union after she received an IRS notification that the IRS intended to levy funds in that account.

All in violation of Title 18, United States Code, § 371 and § 2.

Count 2

26 U.S.C. § 7201

(Evasion of Payment of Income Tax)

(SERGIO SOSA)

19. The allegations set forth in paragraphs 1 through 13 are re-alleged as if set forth herein,

20. Beginning no later than in and around March 5, 2013, the exact date being unknown to the Grand Jury and continuing thereafter up to and including on or about the date of this Indictment, in the District of Utah and elsewhere,

SERGIO SOSA,

Defendant herein, willfully attempted to evade and defeat the payment of individual income taxes due and owing by him to the United States of America for the tax years 2003 through 2017, by committing the following affirmative acts of evasion, among others:

a. On or about January 2014, Sergio Sosa caused Alissa Sosa to begin making mortgage payments on the 607 Residence with checks drawn from her personal bank account that were funded by money she received from SCL or Sergio Sosa..

b. Sergio Sosa caused Alissa Sosa, David Sosa, and C.S. to act as nominees to hide his ownership in real property. On or about August 27, 2013, Sergio Sosa caused daughters Alissa Sosa and C.S. to purchase the Washington property. The funds to purchase the property were provided by Sergio Sosa using funds from his business, SCL.

c. On or about December 12, 2013, Sergio Sosa and David Sosa caused C.S. and J.S. to file articles of incorporation for CLS. C.S. and J.S. were falsely listed as owners or officers of CLS.

d. On or about March 5, 2014, Sergio Sosa used C.S. as a nominee on documents related to the purchase of the 619 Residence.

e. On or about January 11, 2017, Sergio Sosa filed a false Offer in Compromise with the IRS in which he claimed that he could not fully pay the income taxes, penalties, and interest owed for tax years 2003 through 2017. Sergio Sosa falsely omitted assets including, among other things, his properties and business; he falsely stated that he was an employee of SCL, when he was actually the owner; and submitted a false and forged document with his Offer in Compromise.

    f.  On or about June 18, 2018, Sergio Sosa filed a second false Offer in Compromise with the IRS in which he claimed that he could not fully pay the incomes taxes, penalties and interest owed for tax years 2003 through 2017. Sergio Sosa falsely omitted assets including, among other things, his properties and business; and he submitted a false and forged rental agreement for the 607 Residence in which he falsely claimed he paid he daughter Alissa Sosa rent, when in fact he was the true owner of the property.

All in violation of 26 U.S.C. § 7201.

Count 3

26 U.S.C. § 7212(a)

(Corruptly Endeavoring to Obstruct the Due Administration of the Internal Revenue Laws)

(SERGIO SOSA)

The Grand Jury further charges:

21. The allegations set forth in paragraphs 1 through 13 of this Indictment are repeated and re-alleged as if fully set forth herein.

22. As a result of audit activity undertaken by the IRS referred to in paragraph 7, the IRS took certain steps to collect the taxes, interest and penalties owed by SERGIO SOSA to the IRS. Those steps, of which SERGIO SOSA was aware, included, among other things, the issuance of liens and levies, and attempts to locate assets of SERGIO SOSA.

23. Beginning no later than in and around January 11, 2017, the exact date being unknown to the Grand Jury and continuing thereafter up to and including on or about the date of this Indictment, in the District of Utah and elsewhere Defendant SERGIO SOSA did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws, that is,

the IRS collection efforts described in paragraph 22, by committing and causing to be committed various acts, including but not limited to the following:

    a. On or about January 11, 2017, Sergio Sosa filed a false Offer in Compromise with the IRS in which he claimed that he could not fully pay the income taxes, penalties, and interest owed for tax years 2003 through 2017. Sergio Sosa falsely omitted assets including, among other things, his properties and business; he falsely stated that he was an employee of SCL, when he was actually the owner; and submitted a false and forged document with his Offer in Compromise.

    b. On or about June 18, 2018, Sergio Sosa filed a second false Offer in Compromise with the IRS in which he claimed that he could not fully pay the incomes taxes, penalties and interest owed for tax years 2003 through 2017. Sergio Sosa falsely omitted assets including, among other things, his properties and business; and he submitted a false and forged rental agreement for the 607 Residence in which he falsely claimed he paid he daughter Alissa Sosa rent, when in fact he was the true owner of the property.

All in violation of 26 U.S.C. § 7212(a).

Count 4

26 U.S.C. § 7212(a)

(Corruptly Endeavoring to Obstruct the Due Administration of the Internal Revenue Laws)

(DAVID SOSA)

The Grand Jury further charges:

24. The allegations set forth in paragraphs 1 through 13 of this Indictment are repeated and re-alleged as if fully set forth herein.

25. As a result of audit activity undertaken by the IRS referred to in paragraph 7, the IRS took certain steps to terminate SCL's ability to electronically file income tax returns for its clients. Those steps, of which DAVID SOSA was aware, included cancellation of DAVID SOSA's EFIN.

26. Beginning no later than February 1, 2013, the exact date being unknown to the Grand Jury and continuing thereafter up to and including the date of this Indictment, in the District of Utah and elsewhere, Defendant DAVID SOSA did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws, that is, the IRS enforcement activity described in paragraph 25, by committing and causing to be committed various acts, including but not limited to the following:

   a. In or about February 2013, David Sosa caused SCL to use a third party's EFIN to file individual income tax returns for clients of SCL.

   b. In or about December 2013, David Sosa caused C.S. and J.S. to change the tax preparation business name from Sergio Central Latino ("SCL") to Centro Latino South ("CLS")

   c. In or about January 2014, David Sosa caused SCL employee A.G. to apply for an EFIN and a Refund Advantage account for SCL and directed her to falsely identify herself as the owner of SCL.

All in violation of 26 U.S.C. § 7212(a).

/

/

/

Count 5

26 U.S.C. § 7212(a)

(Corruptly Endeavoring to Obstruct the Due Administration of the Internal Revenue Laws)

(ALISSA SOSA)

The Grand Jury further charges:

27. The allegations set forth in paragraphs 1 through 13 of this Indictment are repeated and re-alleged as if fully set forth herein.

28. As a result of audit activity undertaken by the IRS referred to in paragraph 7, the IRS took certain steps to collect the taxes owed by SERGIO SOSA to the IRS. Those steps included, among other things, the issuance of liens and levies, and attempts to locate assets of SERGIO SOSA, including funds held in bank accounts by ALISSA SOSA on his behalf.

29. Beginning no later than in and around April 25, 2016, the exact date being unknown to the Grand Jury and continuing thereafter up to and including on or about the date of this Indictment, in the District of Utah and elsewhere, Defendant ALISSA SOSA did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws that is, the IRS collection efforts described in paragraph 28, by committing and causing to be committed various acts, including by not limited to the following:

   a. On or about April 25, 2016, Alissa Sosa caused to be withdrawn $37,000 from her account #110000 at Security Service Federal Credit Union after she received an IRS notification that the IRS intended to levy funds in that account.

   b. On or about December 17, 2018, Alissa Sosa made false statements to an IRS special agent as follows:

    i. Alissa Sosa falsely claimed that she owned the 607 Residence during tax years 2013 through 2017.

    ii. Alissa Sosa falsely claimed that she paid the mortgage and utility payments with her own money and did not receive funds from Sergio Sosa to make such payments.

    iii. Alissa Sosa falsely stated that she purchased the Washington property and made all of the mortgage and utility payments with her own money and did not receive funds from Sergio Sosa to make such payments.

All in violation of 26 U.S.C. § 7212(a).

A TRUE BILL:

_____/S/_____
FOREPERSON OF THE GRAND JURY

UNITED STATES ATTORNEY

_____*signature*_____
ERIN S. MELLEN
Special Assistant United States Attorney

_____*signature*_____
RUTH HACKFORD-PEER
Assistant United States Attorney